IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-10763
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY D. EDWARDS, also known as Oogie,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-10-A
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant Bobby D. Edwards has appealed the sentence he received upon his guilty plea of distributing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). He asserts that the district court erred by increasing his base offense level by four levels pursuant to § 3B1.1(a) of the Sentencing Guidelines. Edwards argues that the evidence was legally insufficient to establish that he was a leader or organizer of relevant criminal

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

activity which involved five or more participants or was otherwise extensive, as required by § 3B1.1(a). We affirm the judgment.

"A district court's determination that a defendant is a § 3B1.1 leader or organizer is a factual finding, which we review for clear error." United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995). The district court based its ruling principally on the factual averments of Edwards's presentence report (PSR).

"In making factual determinations [relative to sentencing], . . . a district court may draw [] inference[s] from a variety of data, including information in the (PSR). . . . The PSR generally bears sufficient indicia of reliability to be considered as evidence by the district court in resolving disputed facts [relative to sentencing]." United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995) (citation and quotation marks omitted). Accordingly, "the court can adopt facts contained in a PSR without inquiry, if those facts had an adequate evidentiary basis and the defendant does not present rebuttal evidence." United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir.), cert. denied, 115 S. Ct. 180 (1994).

The PSR states that Edwards had eight people working for him, naming seven of them. Furthermore, he controlled the flow of cocaine to the street level distributors selling cocaine at Bad Boys Auto Detailing, in Arlington, Texas. That Edwards also

determined who would be permitted to sell cocaine at Bad Boys is shown by the fact that he allowed Roy Lee Simpson to do so although Simpson did not work for him. Edwards supplied all of his employees with beepers, and he also supplied all of the drugs sold at Bad Boys, except some of the drugs that Simpson sold. Two former employees divulged details of their experiences and observations while they worked for Edwards, which included being with him when he manufactured crack from regular cocaine. Furthermore, the large amount of crack, the firearms, including an assault rifle and two sawed-off shotguns, the electronic scales, and other items found at Edwards's residence, indicate his leadership role in the Bad Boys drug-trafficking organization. The factual averments contained in the PSR, which Edwards has not disputed, amply support the four-level increase pursuant to § 3B1.1(a). See United States v. Watson, 988 F.2d 544, 550-51 (5th Cir. 1993), cert. denied, 114 S. Ct. 698 (1994).

AFFIRMED.